IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY L. GARRARD, #10087-025, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-cv-02236-JPG |
| ANDY GARDEN, TROY REED, JANE DOE, and JOHN DOE, | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On October 7, 2022, Plaintiff Timothy Garrard filed this civil rights action *pro se* against officials at Marion County Law Enforcement Center for subjecting him to unconstitutional conditions of confinement at the Jail on September 18, 2022. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on October 13, 2022. (Doc. 4). Plaintiff was granted leave to file a First Amended Complaint on or before November 7, 2022. (*Id.*). However, he was warned that the action would be dismissed with prejudice if he failed to do so. He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). (*Id.*).

Plaintiff missed the deadline for filing the First Amended Complaint on November 7, 2022. Almost two weeks have passed since this deadline expired. However, the Court has received no communication from him. The Court will not allow this matter to linger indefinitely.

This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 4) to file a First Amended Complaint and/or to prosecute his claims. *See* FED. R. CIV. P.

1

41(b).  The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 4) to file a First Amended Complaint and his failure to prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  He must list each of the issues he intends to appeal in the notice of appeal.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/18/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**