IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VALLIE FRANCIS ZELLER, #470481,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-01163-JPG |
| ) | |
| **UNKNOWN AGENTS,** ) | |
| **ALEXANDRIA BURNS,** ) | |
| **and FBI,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court to review the status of this stayed case and to address Plaintiff's Motion for Leave to File Amended Complaint (Doc. 25), Motion to Change Venue (Doc. 24), and Motion for Recruitment of Counsel (Doc. 23) filed September 1, 2023.

Plaintiff filed the underlying action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), on June 6, 2022. He sought to litigate the same issues in this case and his pending criminal case, *United States v. Zeller*, Case No. 3:20-cr-30101-NJR-1 (criminal case). On June 7, 2022, United States District Judge Staci M. Yandle entered an Order staying this *Bivens* suit pending the resolution of Plaintiff's criminal case, explaining:

> A criminal defendant may not utilize constitutional tort litigation to supplement or sidetrack criminal proceedings. *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary then to attack any resulting conviction through collateral review proceedings." *Id*. at 2159. A claim alleging fabricated evidence or other forms of wrongful prosecution accrues only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck v. Humphrey*, 512 U.S. 477 (1994)." *Id*. at 2158.

1

(Doc. 7).  Plaintiff was ordered to notify the Court within thirty days after judgment was entered in his criminal case, if he still intended to proceed with his claims.  *Id*.  A review of public records[1] reveals that Judgment was entered against him on September 13, 2023.  (Doc. 235, criminal case).  He filed a Notice of Appeal the same day.  (Doc. 236, criminal case).

**Motion for Leave to File Amended Complaint (Doc. 25)**

Against this backdrop, Plaintiff filed a motion seeking leave to amend his Complaint, and the Court interprets this motion as encompassing a request to lift the stay and proceed with this action.  The motion shall be denied, however, because Plaintiff filed the motion while his criminal case was still pending.  He signed this motion on August 20, 2023, *i.e.*, three weeks *before* entry of Judgment in his criminal case, and he filed it on September 1, 2023, *i.e.*, two weeks *before* entry of Judgment in his criminal case.  In fact, he signed and filed all three motions on the same dates.

In the original and proposed amended Complaints, Plaintiff seeks to litigate many of the same issues under *Bivens* that are before the Court in his criminal action, arguing in both cases that he was wrongfully prosecuted based on fabricated evidence.  In his proposed amendment, Plaintiff adds as defendants the following individuals involved in his criminal case: United States Chief District Judge Nancy J. Rosenstengel,[2] the lead prosecuting attorney,[3] his federal public defenders,[4] several Criminal Justice Act Panel (CJA) attorneys,[5] and FBI agents[6] involved in the sting operation leading to his arrest.  The Court previously explained that a claim alleging fabricated evidence or other forms of wrongful prosecution accrues only when "the criminal

---

[1] The Court can take judicial notice of public records available on government websites.  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).
[2] Chief Judge Rosenstengel has presided over the pending criminal case.
[3] This defendant is Assistant United States Attorney Alexandria Burns.
[4] These defendants include the following federal public defenders: Ethan Skaggs and Todd Shultz.
[5] These defendants include the following CJA attorneys: Jordan Campanella, John Stobbs, II, and Daniel Juengel.
[6] These defendants include the following FBI agents: Jacob Frechette, Michael Carter, and Stephen Dalechek.

proceeding has ended in the defendant's favor or a resulting conviction has been invalidated within the meaning of *Heck v. Humphrey*, 512 U.S. 477 (1994)." *McDonough v. Smith*, 588 U.S. --, 139 S. Ct. 2149, 2158 (2019). A criminal defendant who believes his criminal proceedings rest on knowingly fabricated evidence should first defend himself at trial and then, if necessary, attack any resulting conviction through collateral review proceedings. *McDonough*, 139 S. Ct. at 2158.

Plaintiff filed his motion while his criminal case was still pending, and it has not been resolved to date. The jury returned a verdict against Plaintiff on three counts on March 30, 2023. Judgment was entered against Plaintiff on September 13, 2023. He filed an appeal the same day. The underlying criminal case did not resolve in his favor, and his conviction has not been invalidated. Plaintiff's direct appeal has only begun. For these reasons, his motion to amend shall be denied, and the stay shall remain in effect until the resolution of the appeal.

### Motion to Change Venue (Doc. 24)

Plaintiff also seeks a change of venue. He asserts that the undersigned judge cannot be impartial, given that another district judge—namely, Chief Judge Nancy Rosenstengel—is a defendant alongside individuals who have a "working relationship" with the Court. Plaintiff maintains that this relationship gives rise to a conflict of interest that warrants a change of venue here. The Court disagrees.

Plaintiff's original Complaint is still the operative Complaint. In it, Plaintiff does not name Chief Judge Rosenstengel as a defendant. Even if he did name the Chief Judge or others who have a "working relationship" with the Court as defendants, Plaintiff has pointed to no examples or

3

evidence of bias by the undersigned judge. He instead relies on speculation to support his motion for a change of venue.[7]

But, disgruntled litigants frequently file suit against officers of the court, and it is not unusual for these upset litigants to name a federal judge as a defendant. When this occurs, another federal judge handles the case as a matter of course. As one Court put it, "[t]he law regarding lawsuits against federal officers is very well settled, and the outcome of [the] complaint will undoubtedly be the same regardless of which judge handles the case." *See Sellers v. Moody*, 2007 WL 2349623, at *1 (N.D. Ind. Aug. 14, 2007). The same could be said here.

The Court need not go this far, however, because the operative Complaint does not name as a defendant Chief Judge Rosenstengel or anyone else who presents a direct conflict of interest. Plaintiff's motion to change venue shall be dismissed without prejudice.

**Motion for Recruitment of Counsel (Doc. 23)**

This leaves Plaintiff's motion requesting recruitment of counsel, which shall be denied without prejudice. Given that this case is currently stayed, there is no need to recruit counsel at this time. Generally, the Court will not consider recruiting counsel for a *pro se* plaintiff until the complaint survives review under 28 U.S.C. § 1915A, which requires the Court to first screen a prisoner complaint and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court cannot assess the difficulty of this case or the plaintiff's ability to litigate the claims on his own until this matter is screened and the defendants have been served with this lawsuit and/or answered. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the

---

[7] Plaintiff did not seek recusal of the undersigned or refer to the statutes governing recusal, *i.e.*, 28 U.S.C. §§ 455, 144. He likely filed a Motion to Change Venue because he does not believe *any* federal judge in this federal judicial district can be impartial. Regardless, the original Complaint does not name the Chief Judge as a defendant.

complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged."). This motion shall be denied without prejudice.

### Disposition

For the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 25) is **DENIED without prejudice**, Plaintiff's Motion to Change Venue (Doc. 24) is **DISMISSED without prejudice**, and Plaintiff's Motion for Recruitment of Counsel (Doc. 23) is **DENIED without prejudice**.

This case remains **STAYED**, pending resolution of the underlying criminal case and the related appeal. Plaintiff is **ORDERED** to notify the Court within thirty (30) days of the conclusion of his appeal. Until then, he is required to file a status report by the end of March and September of each year, beginning March of 2024, until the appeal concludes. Plaintiff is **WARNED** that failure to comply with this Order will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order and to prosecute his claims.

**IT IS SO ORDERED**.

**DATED: 9/18/2023**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**